899 P.2d 967

STATE of Idaho, Plaintiff–Respondent,

v.

Hortencia CASTILLO, Defendant–Appellant.

No. 20719.

Supreme Court of Idaho,
Boise, January 1995 Term.

June 29, 1995.

Orndorff, Peterson, Hawley, Wight & Gilman, Boise, for appellant. Thomas D. Widman argued.

Alan G. Lance, Atty. Gen., and Michael A. Henderson, Deputy Atty. Gen., argued, Boise, for respondent.

SILAK, Justice

This is an appeal from a conviction of two counts of conspiracy to commit lewd conduct with a minor. The appellant raises four issues regarding decisions made by the district court during the course of the trial. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

The facts of this case are nearly identical to those in *State v. Tapia,* 899 P.2d 959 (Idaho 1995). Therefore, we will not recount them here in detail. For a more complete discussion of the background of this appeal, reference should be made to our opinion in *Tapia,* which is issued as a companion to this opinion.

The appellant Hortencia Castillo (Castillo) and Benjamin Tapia (Tapia) were charged with four counts of conspiracy to commit lewd conduct pursuant to I.C. § 18–1508 and I.C. § 18–1701. They were tried together on only the first two counts. Castillo and Tapia were convicted on both charges. Castillo received a sentence of a term of not less than two years nor more than seven years, with the district court retaining jurisdiction for up to 180 days. She filed this appeal.

## II.

## ISSUES ON APPEAL

The issues in this case are identical to those stated in *State v. Tapia, supra.*

## III.

## ANALYSIS

### A. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ALLOWING THE STATE TO AMEND THE INFORMATION BY ENLARGING THE TIME WITHIN WHICH THE CRIMES TOOK PLACE.

The original information alleged that the conspiracies charged took place in August and September of 1991. During the presentation of the state's case-in-chief, the district court allowed the state to amend the information to allege that each conspiracy occurred between March and September of 1991, due to newly discovered evidence indicating that the first act of lewd conduct occurred on the weekend of March 30, 1991.

■■■ Castillo argues that the district court erred in allowing the amendment because, to the extent that she relied on the original charging document, she was surprised that she would now have to respond to an enlarged time frame. The only way in which Castillo can challenge the amendment is to show that her substantial rights were prejudiced. This she has failed to do because she has not shown how this surprise affected her ability to prepare her defense.

Further, unlike her co-defendant, Tapia, Castillo did not offer an alibi defense. In any event, time is not a material ingredient in the offense of lewd and lascivious conduct with a minor. *State v. Roberts,* 101 Idaho 199, 200, 610 P.2d 558, 559 (1980). Thus, we hold that the district court did not abuse its discretion in allowing the state to amend the information.

### B. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ALLOWING TWO NEW WITNESSES TO PRESENT TESTIMONY AT TRIAL PURSUANT TO I.R.E. 403 AND 404(B).

We hold that the district court did not abuse its discretion in allowing the testimony of Beatriz Meza and Beatriz Guajardo for the reasons stated in *State v. Tapia, supra.*

### C. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING CASTILLO'S MOTION FOR A THIRTY–DAY CONTINUANCE.

We hold that the district court did not abuse its discretion in denying Castillo's motion for a thirty-day continuance for the reasons stated in *State v. Tapia, supra.*

**D. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING EVIDENCE OF TWO SUBSEQUENT ACTS OF SEXUAL INTERCOURSE BY TAPIA WITH THE VICTIM.**

We hold that the district court did not abuse its discretion in admitting evidence of the two subsequent acts of sexual intercourse by Tapia with the victim which took place at Castillo's house, for the reasons stated in *State v. Tapia, supra.*

## IV.

## CONCLUSION

The judgment of the district court is affirmed.

McDEVITT, C.J., JOHNSON, J., and LANSING and TRANSTRUM, JJ. Pro Tem., concur.