610 P.2d 558

The STATE of Idaho, Plaintiff-Respondent,

v.

Charles ROBERTS, Defendant-Appellant.

No. 12883.

Supreme Court of Idaho.

April 23, 1980.

Jeffrey M. Wilson of Matthews, Lee & Wilson, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant Charles Roberts was charged under I.C. § 18–6607 with seven counts of lewd and lascivious conduct with a child under the age of sixteen; Counts I–III involved an eight year old girl, while Counts IV–VII involved a 13–14 year old girl. Only three witnesses testified at the trial: the two victims and an Ada County police officer who testified that the location of the alleged acts was in Ada County. At the close of the State's case, the court granted defendant's motion for acquittal as to Counts VI and VII. The jury found defendant guilty as to the other five counts, and the court sentenced him to five concurrent life terms. Defendant appeals, arguing that there was insufficient corroboration of the testimony of the two children and that the information should have been dismissed for lack of specificity as to the dates of the offenses.

■ I.C. § 19–1414 provides that "[t]he precise time at which the offense was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense." Since time is not a material ingredient in the offense of lewd and lascivious conduct with a minor, see, e. g., State v. Wonser, 217 Kan. 406, 537 P.2d 197 (1975), the information need only be specific enough to enable the defendant to prepare his defense and to protect him from being subsequently prosecuted for the same offense. See, e. g., State v. Gumm, 99 Idaho 549, 585 P.2d 959 (1978). Any other rule would too often preclude prosecutions in this type of case where the victims are minors and where the crimes are not discovered until some time after their commission. As we noted in State v. Rogers, 48 Idaho 567, 570, 283 P. 44, 45 (1929), quoting the attorney general, "[i]t would be a very weak rule of law that would permit a man to ravish a fifteen year old girl . . . and then say in effect: 'You cannot convict me of this crime, as you did not guess the right date.'"

■ In the present case, Counts I–III of the information stated that the alleged of- fenses occurred "on or about the months between June and September, 1976." Counts IV and V stated that the alleged offenses occurred "on or about the months of May, 1976" and "of June, 1976," respectively.

Other jurisdictions have upheld informations similar to the present one. For instance, in State v. Jordan, 6 Wash.2d 719, 108 P.2d 657 (1940), the court held that an indictment which charged the defendant with carnal knowledge of a fifteen year old female "sometime during the period intervening from July 15, 1939, to September 15, 1939" was sufficiently precise. See also People v. Fremont, 47 Cal.App.2d 341, 117 P.2d 891 (1941); State v. Wonser, 217 Kan. 406, 537 P.2d 197 (1975). Defendant never suggested any defense of alibi at trial, and we find that all of the counts were set forth with sufficient specificity to allow him to prepare his defense and to protect him from double jeopardy.

■ Defendant next challenges the sufficiency of the corroboration of the prosecuting witnesses' testimony. As we stated in State v. Adair, 99 Idaho 703, 707, 587 P.2d 1238, 1242 (1978), "[t]he required corroboration need only tend to support her testimony that the offense was committed and make it appear probable that the accused was the perpetrator." In State v. Herr, 97 Idaho 783, 554 P.2d 961 (1976), we held that testimony by the defendant's mother that she saw him in bed with a young girl on the date of the crime was sufficient corroboration. Similarly, in the present case the testimony of the eight year old provided sufficient corroboration of the fourteen year old victim's testimony as to Counts IV and V. With regard to Count IV, her testimony substantiated the victim's story that defendant took both prosecutrices and another child to Sandy Point, and that while there defendant took the the victim into the bathroom where the alleged act took place. As to Count V, her testimony tended to support the victim's testimony that defendant committed the act charged at Barber Dam while the other two girls slept in the back of the station wagon.

As to Counts I–III, however, the only evidence consisted of testimony of the victim herself. At oral argument the State agreed with defendant that this is not the proper case for us to decide whether or not to abolish the rule requiring corroboration; we reverse the convictions on Counts I–III for insufficient evidence, leaving stand the convictions on Counts IV and V.

Affirmed in part, reversed in part.