797 P.2d 158

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Albert TAYLOR, Defendant–Appellant.**

**No. 18135.**

Court of Appeals of Idaho.

Sept. 6, 1990.

Aherin & Rice, Lewiston, for appellant. Darrell Aherin argued.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen. (argued), for respondent.

SWANSTROM, Judge.

Albert Taylor entered a conditional plea of guilty to three counts of sexual abuse of a minor under the age of sixteen. I.C. § 18–1506. Pursuant to the conditional

plea agreement, Taylor reserved the right to contest the adequacy of the amended information. In this appeal, Taylor contends that the amended information failed to set forth, with sufficient particularity, the time during which the alleged criminal acts occurred. For reasons expressed below, we affirm.

The essential facts are as follows. In an amended information, Taylor was charged with three counts of sexual abuse of a minor and two counts of lewd conduct with a minor. Two of the three counts of sexual abuse alleged that the acts occurred between the months of June and September 1987. Each count alleged a different address in Lewiston, Idaho, where the acts occurred. The third count of sexual abuse was alleged to have occurred during the month of December 1987 at a specific Lewiston address. Likewise, one count of lewd conduct alleged that the acts occurred between June and September 1987. The other count of lewd conduct alleged the act occurred during the month of December 1987.

Taylor moved to dismiss the information on the grounds that the state's failure to supply the specific dates upon which the alleged sexual abuse occurred denied him the right to present an alibi defense. Following a hearing, the district court denied the motion to dismiss. Taylor then agreed to enter a conditional guilty plea to three counts of sexual abuse of a minor. The state agreed to dismissal of the two counts of lewd conduct with a minor. The district court granted Taylor a withheld judgment and placed him on probation. This appeal followed.

The sole issue on appeal is the issue specifically framed in the written conditional plea agreement under I.C.R. 11(a)(2). *State v. McCormack*, 117 Idaho 1009, 793 P.2d 682 (1990). This issue is whether the amended information is sufficiently specific as to the dates when the alleged sexual abuse occurred. Because this issue presents a question of law, we exercise free review. Taylor contends that the amended information is deficient because it alleged simply that Taylor committed the sexual abuse between the months of June and September 1987, and during the month of December 1987. Taylor asserts that the dates in the amended information were so broadly stated that he was denied the right to present an alibi defense because, in order to do so, he would have to account for every minute during a four-month time period. More specifically, Taylor argues that the amended information violates I.C. § 19-1414 because time became a material ingredient in the offense of sexual abuse of a minor under sixteen once he asserted his intent to rely on an alibi defense. Idaho Code § 19-1414 states:

> The precise time at which the offense was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense.

In *State v. Roberts*, 101 Idaho 199, 610 P.2d 558 (1980), our Supreme Court held that because "time is not a material ingredient in the offense of lewd and lascivious conduct with a minor, the information need only be specific enough to enable the defendant to prepare his defense and to protect him from being subsequently prosecuted for the same offense." *Id.* at 200, 610 P.2d at 559 (citation omitted). The Court went on to state that "[a]ny other rule would too often preclude prosecutions in this type of case where the victims are minors and where the crimes are not discovered until some time after their commission." *Id.* Accord, *State v. Millbradt*, 756 P.2d 620 (Or.1988).

In *Roberts* the Supreme Court upheld an information which alleged the offenses occurred "on or about the months between June and September, 1976." However, Taylor points out that the Supreme Court concluded its discussion of this issue in *Roberts* with the following statement:

> Defendant never suggested any defense of alibi at trial, and we find that all of the counts were set forth with sufficient specificity to allow him to prepare his defense and to protect him from double jeopardy.

101 Idaho at 200, 610 P.2d at 559. Taylor now asks this Court to hold that assertion of an alibi defense will make time of the offense a material element which must be proven by the state. Apart from the oblique suggestion in *Roberts* that an alibi defense may require an exception to the general rule, no appellate decision in Idaho discusses the issue raised by Taylor.

Arguments similar to Taylor's have been rejected in other states. *See, e.g., State v. Kelsaw,* 11 Or.App. 289, 502 P.2d 278 (1972), *rev'd on other grounds,* 14 Or.App. 313, 513 P.2d 516 (1973); *State v. Clark,* 209 Mont. 473, 682 P.2d 1339 (1984). In child sexual abuse cases involving a continuous course of sexual abuse, and evidence of frequent, secretive offenses over a period of time, credibility, not alibi, is the only issue. *People v. Obremski,* 207 Cal.App.3d 1346, 255 Cal.Rptr. 715 (1989). In such cases, detailed specificity in the information as to the times of the offenses is not required. *State v. D.B.S.,* 216 Mont. 234, 700 P.2d 630 (1985).

The courts generally recognize that a defendant who has had a close association with a minor over a protracted period of time and who is charged with a continuous conduct of abuse will have no practical defense of alibi. *See, e.g., People v. Obremski, supra.* This general recognition arises from the nature of the sexual abuse crimes. Such crimes often are not reported promptly. They may occur many times before there is disclosure to a responsible adult. Fear, shame, confusion, naivete or weakness of the victim can be exploited by the abuser to prevent disclosure of his acts. Dates and times go unnoted until they can not be recalled by the victim. The more the incidents are repeated the more difficult it becomes to pinpoint the individual events.

■ For these pragmatic reasons, allegations of such wrongdoing may be made without specificity. A course of conduct over a period of time may be charged generally because that is the best that can be done. Pragmatically, a defendant faced with such charges can place no great reliance on an alibi defense. He could not hope to show that he was never present with the victim when the acts could have been committed. However, our criminal justice system must be made to operate in such imperfect circumstances, if it is to work at all. Some balance must be achieved between society's concern for its victims and the rights given to those it accuses of victimizing.

■ We recognize that in the present case Taylor was not charged with a continuous course of conduct over a period of time. Rather, he was charged with five specific acts of sexual abuse or lewd conduct, occurring at different times and different locations. Of course, times were only generally alleged. We agree that in such cases the date of each alleged incident should be set forth with as much specificity as possible. The customary "on or about" language will be sufficient. Even this degree of preciseness cannot be achieved in every case that merits prosecution, however. The present case is an example.

■ On appeal we have been furnished with much of the same record that was before the district court at the hearing on Taylor's motion to dismiss. This record reveals the evidence which the state most likely would have been able to produce at trial. Such evidence, when viewed in a light most favorable to the respondent state, shows that over a course of more than a year Taylor was a frequent visitor at the victim's home. These visits ended after the victim's father chanced to observe Taylor's conduct with his twelve-year old daughter during a football game outside the home. After discussing the incident with his daughter the father confronted Taylor and made it clear he was no longer welcome. During a counseling session a few months later, the daughter revealed that Taylor, on several occasions during the previous year, had fondled her in intimate ways, either at her home or at her grandparents' home. The counselor reported this information to the police who interviewed the victim and Taylor. As a result of these interviews the present criminal charges were filed.

We see no need to discuss the record in greater detail. The information contained therein was available to Taylor and his counsel for preparation of all reasonable defenses to the charges. In view of the state's probable evidence in this case, we seriously doubt that an alibi defense would carry any weight with a jury. We see the defense being raised solely to convince the trial court or this court on appeal that *Roberts* should be read to mean that when an alibi defense is *asserted*, time becomes a material element of the offense. We are not persuaded, for reasons already stated.

The record also reveals it is unlikely that the state could plead the dates when the alleged offenses occurred with any more particularity than was done here. Taylor's own statements to police showed that he frequently visited the victim's home and that he lived next door to the victim's grandparents' home where he also went on occasions when the victim was there. The frequency of these visits, the length of time over which they occurred, and the delay in reporting the incidents all made it difficult here for the state to establish when each incident occurred.

Finally, we are not persuaded that Taylor has been unfairly prejudiced by the state's inability to plead the dates of the offenses with greater precision. The information is adequate to enable Taylor to prepare all reasonable defenses and to prevent the possibility of being twice prosecuted for any offenses occurring within the time frames alleged in the information. Accordingly, we affirm the order withholding judgment and the order denying the motion to dismiss.

WALTERS, C.J., and WINMILL, J., pro tem., concur.