819 P.2d 581

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Wylie MARKS, Defendant–Appellant.**

**No. 18499.**

Court of Appeals of Idaho.

Oct. 30, 1991.

Norman L. Gissel, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Wylie Marks was found guilty by a jury of sexually abusing his seven-year old adopted daughter (AD). I.C. § 18–1506. We are asked to decide whether the Information was specific enough as to the time that the alleged sexual act took place and whether the proof established at trial conformed sufficiently to the charge in the Information. We are also asked to decide whether the district court erred by allowing a minor female relative (MFR) to testify about sexual abuse perpetrated by Marks upon her. For reasons explained below, we affirm.

Marks was charged with sexual abuse of a minor under sixteen. I.C. § 18–1506. The state alleged that the sexual abuse occurred "between March and September, 1988." Prior to trial, Marks filed a motion to have the Information set forth with more particularity the time and place of the alleged act. Marks also asked that the district court dismiss the Information if the state could not comply with this request. The motion was based on the fact that Marks had filed a notice of intent to rely upon an alibi defense. The state failed to amend the Information, and two subsequent motions to dismiss were filed by Marks. The state responded by filing an Amended Information that set forth the same time period as before, adding only that the acts were committed at Marks's residence. Following a hearing, the court denied the motions to dismiss, and the case proceeded to trial.

Testimony at trial showed that Marks and his second wife, Gloria, had purchased some property on Hauser Lake and moved into a mobile home on the property in September, 1987. The mobile home burned down on April 4, 1988. After briefly staying with neighbors, the family moved into another mobile home that they had placed on the property on April 12, 1988. The couple then built a home on this property and moved in on September 16, 1988. The testimony at trial also revealed that the sexual abuse had occurred while AD was seven years old. AD testified that she had been sexually abused by Marks at the new house and sometimes in the mobile home. Based on this evidence, the jury returned a verdict of guilty.

■ Marks appeals, contending that the state should have set forth with more particularity the date on which the alleged

sexual abuse occurred. He also argues that, by pleading one count during this seven-month period, the state effectively took away his right to raise an alibi defense. Marks insists that, because the Information did not provide him with sufficient notice of the time of the offense such that he could prepare his defense, his constitutional right to due process of law was violated. Because this issue presents a question of law, we exercise free review. *State v. Taylor*, 118 Idaho 450, 451, 797 P.2d 158, 159 (Ct.App.1990).

In *State v. Roberts*, 101 Idaho 199, 610 P.2d 558 (1980), our Supreme Court stated that because "time is not a material ingredient in the offense of lewd and lascivious conduct with a minor, the Information need only be specific enough to enable the defendant to prepare his defense and to protect him from being subsequently prosecuted for the same offense." (Citations omitted.) *Id.* at 200, 610 P.2d at 559. The Supreme Court based its decision on the fact that prosecutions for these types of offenses would often be precluded because the victims are minors and the crimes are often not discovered until some time after their occurrence. *Id.* We followed this reasoning with respect to the crime of sexual abuse of a minor under sixteen in *State v. Taylor, supra.*

In *Taylor*, we held that the assertion of an alibi defense would not make time a material element of the offense that must be proven by the state. We based our holding on the fact that, as a practical matter, a defendant could not hope to show that he was never present with the victim when the acts could have been committed. This is especially true where, as here, the defendant has had a close association with the minor over a lengthy period of time. *Id.* We held that "[a] course of conduct over a period of time may be charged generally because that is the best that can be done." *Id.* at 452, 797 P.2d at 160.

■ On the other hand, when a defendant is charged with a specific act of sexual abuse, as was done here, the alleged incident should be set forth with as much specificity as possible. *Id.* "The customary 'on or about' language will be sufficient." *Id.* However, when the record shows that the state could not plead the alleged acts with any more specificity, the charges may be pleaded generally. *Id.* For example, in *Taylor* we allowed the state to allege that two counts of sexual abuse had occurred between June and September, 1987.

■ Here, as in *Taylor*, the state did not charge Marks with a continuous course of sexual abuse over a period of time, even though there was some evidence indicating that multiple incidents had occurred. Instead, the state chose to charge Marks with one count of sexual abuse that was alleged to have occurred sometime between March and September, 1988. Here, there was testimony that AD and one or more of her siblings were in Marks's home frequently on weekend visits during this period of time. Because we find that the state could not have pleaded the alleged acts with any more particularity, we hold that the time stated in the Information provided Marks with sufficient notice of the charges brought against him.

We turn first to the question of whether there was a fatal variance between the proof established at trial and the time alleged in the Information. "The question of variance is one of law for the court, and unless it appears that it is prejudicial to the rights of the accused, it will not be deemed material. [Footnote omitted.]" 41 AM. JUR.2d *Indictments and Informations* § 262 at 1039 (1968). Marks asserts that the evidence offered at trial did not provide sufficient proof that he had sexually abused AD during the period from March to September, 1988. Marks also contends that he is now open to a second charge alleging a pre-March or post-September, 1988, time period using the same evidence that was presented during this trial. Marks's claim is based in part on his right to due process under our state and federal constitutions.

■ In *State v. Windsor*, 110 Idaho 410, 716 P.2d 1182 (1985), *cert. denied*, 479 U.S. 964, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986), our Supreme Court held that a variance

between the proof at trial and the Information will "require reversal of the conviction only when it deprives the defendant of his right to fair notice or leaves him open to the risk of double jeopardy. [Footnote omitted.]" *Id.* 110 Idaho at 417–18, 716 P.2d at 1189–90; *see also Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). *Compare Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Our state standard parallels that of the federal authorities. *State v. Windsor, supra.* We need not elaborate further on the notice requirement set forth in *Windsor,* as we have previously concluded that Marks had sufficient notice of the charges against him.

We next turn our attention to Marks's double jeopardy argument. As we have already pointed out, Marks contends that a second pre-March or post-September sexual abuse charge could be filed against him using the very same evidence presented to the jury during this trial. Marks argues that, because the testimony at trial did not show the alleged sexual act had occurred with absolute certainty during the time alleged in the Information, his conviction should be overturned. We disagree.

■ The state's evidence showed that AD had been sexually abused by Marks in the new home and sometimes in the mobile home when she was seven years of age. AD was seven years old from January 29, 1988, to January 28, 1989. The Amended Information recited that the sexual abuse had occurred between March and September, 1988, in Marks's home. Therefore, the jury could have concluded only that the sexual abuse which had taken place in the mobile home had occurred sometime between January 29, 1988, and September 16, 1988. In this seven and one-half month time period, only the month of February, 1988, is excluded from the Information. AD's testimony suggested that sexual abuse by Marks occurred more than once during this period. However, no dates were established. Accordingly, it is possible that AD related an event of sexual abuse in the mobile home which could have occurred in February, 1988. Other evidence introduced by the state, together with AD's testimony, showed that a similar act of sexual abuse by Marks occurred in the newly constructed home in the latter part of September, 1988. However, by October, AD's mother had become aware of possible abuse of her daughter, and the evidence shows it was unlikely that any sexual abuse occurred after September, 1988. Consequently, we hold that the omission of only the month of February from the Information was not a material variance from the proof offered at trial. In addition, because of the nature of the evidence proved at trial, Marks has not shown us why he could not successfully plead double jeopardy against reprosecution *when* and *if* a second Information is filed. *United States v. Carter,* 721 F.2d 1514, 1533 (1984). Accordingly, we hold that the variance between the time stated in the Information and the proof established at trial was not prejudicial to Marks.

We now consider whether MFR should have been allowed to testify about a prior incident of sexual abuse involving Marks. At trial, thirteen-year-old MFR testified that in August, 1988, she stayed at Marks's home with her brother and sister. MFR was twelve at the time. Four of Marks's six children were staying at the home too. The children were all sleeping in the living room in sleeping bags, when Marks arrived home from work at about two or three a.m. MFR was the only one awake. Marks came into the living room, turned on the television and sat down beside MFR. He told MFR that she could lie on his lap, so she did. Marks then put his hand on her breast for about two or three seconds. MFR pushed his hands away, and Marks tried to tug her back. When she did not respond, Marks pushed her down and said, "Well, fine," and walked away.

Defense counsel objected to the admission of MFR's testimony at trial. The state responded by making an offer of proof outside the presence of the jury. The relevancy and prejudicial effect of this testimony was challenged by Marks. After considering the similarities and differences between the two incidents of sexual abuse, the district court concluded that MFR's tes-

timony was relevant to the intent issue in this case, especially because the state had to prove that Marks "had the intent to gratify his sexual desires." The court further noted that motive and intent are almost identical in this case and that the testimony might also be relevant to show that Marks had the opportunity to sexually abuse AD. The district court explained that the time and place of the incident with MFR were similar to allegations in the Information, and that the age difference between the two females was not significant. Based on these findings, the district court permitted MFR to testify about the incident, holding that the probative value of the evidence outweighed its prejudicial effect.

Marks contends that MFR's testimony should not have been admitted at trial because it was not relevant to a material issue concerning the crime charged. Marks also asserts that MFR's testimony was highly prejudicial to his case, because the jury easily could have believed that, if he fondled MFR in August, 1988, he probably had sexually abused AD sometime between March and September, 1988, as alleged, even though the evidence at trial failed to prove conclusively that the act occurred during this time period.

■ Generally, evidence of other criminal acts or offenses is inadmissible to prove the character trait of a person in order to show that he acted in conformity with his character trait and committed the crime for which he is on trial. I.R.E. 404(b); *State v. Martin*, 118 Idaho 334, 796 P.2d 1007 (1990); *State v. Needs*, 99 Idaho 883, 591 P.2d 130 (1979); *State v. Boothe*, 103 Idaho 187, 646 P.2d 429 (Ct.App.1982). However, such acts may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." I.R.E. 404(b); *see also State v. Paradis*, 106 Idaho 117, 676 P.2d 31 (1984), *cert. denied*, 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed.2d 888 (1984); *State v. Wrenn*, 99 Idaho 506, 584 P.2d 1231 (1978); *State v. Hatton*, 95 Idaho 856, 522 P.2d 64 (1974); *State v. Shepherd*, 94 Idaho 227, 486 P.2d

82 (1971). However, to be admissible, the evidence must not be too remote in time, and there must be some logical connection between the fact sought to be proved and the evidence of prior sexual misconduct. *State v. Boothe, supra. See also State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991) (petition for rehearing denied Dec. 5, 1991.).

■ The decision to admit evidence of other sexual abuse involves a two-step analysis. I.R.E. 403; *State v. Sharp*, 101 Idaho 498, 616 P.2d 1034 (1980); *State v. Winkler*, 112 Idaho 917, 736 P.2d 1371 (Ct.App.1987); *State v. Roach*, 109 Idaho 973, 974, 712 P.2d 674, 675 (Ct.App.1985). "First, as with all evidence, the proof must be relevant to a material issue concerning the crime charged. Second, and only if the evidence is deemed relevant, it must be determined whether the probative value of the evidence is outweighed by the unfair prejudice to the defendant. [Citations omitted.]" *State v. Roach, supra* at 974, 712 P.2d at 675. This balancing process is left to the sound discretion of the trial judge. *State v. Abel*, 104 Idaho 865, 664 P.2d 772 (1983); *State v. Roach, supra*.

■ We believe that the "intent" exception to Rule 404(b) is dispositive of this issue. Marks's intent to sexually abuse AD was at issue. Evidence of contemporaneous sexual abuse of another minor female relative in his home was relevant to show that Marks had the requisite intent at the time of the incident charged in the present case.

The incident of sexual abuse related by MFR was not remote. She testified it happened in August, which, according to the state's evidence, was just a month prior to the incident with AD in the new home. The charged incident with AD and the uncharged incident with MFR involved young females under thirteen years of age. The testimony was probative of Marks's intent to use AD for gratification of his sexual desires. *State v. Boothe, supra.*

■ Having reached the conclusion that the evidence was probative on the issue of

intent, we must now determine whether the value of this evidence was substantially outweighed by the danger of unfair prejudice. Because of the similarities between these two incidents, i.e., time, place, opportunity and age of the victims, we agree with the district court's determination that the probative value of the evidence substantially outweighed any danger of unfair prejudice. We hold that it was not error to admit MFR's testimony on the issue of intent.

Accordingly, we affirm the judgment of conviction for sexual abuse of a minor child.

WALTERS, C.J., and SILAK, J., concur.