915 P.2d 28

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Barry Ellis COLEMAN, Defendant–Appellant.**

**No. 21388.**

Court of Appeals of Idaho.

March 7, 1996.

Petition for Review Denied May 13, 1996.

W. Brent Eames, Rexburg, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent. Catherine O. Derden argued.

PERRY, Judge.

In this appeal from his judgment of conviction of two counts of lewd conduct with a minor, Barry Ellis Coleman challenges the district court's denial of three separate motions to dismiss. For the reasons explained below, we affirm.

## I.

### PROCEDURAL HISTORY

Coleman was charged with two counts of lewd conduct with a minor, I.C. § 18–6607, and one count of infamous crime against nature, I.C. § 18–6605. The information, which was filed in October 1993, alleged that Coleman had committed the crime of lewd conduct with a minor against one of his daughters between January 1, 1977, and February 20, 1979 (Count I). As to another minor daughter, Coleman was alleged to have committed the crime of lewd conduct between August 8, 1975, and February 20, 1979 (Count II), and infamous crime against nature between June 5, 1976, and February 20, 1979 (Count III). Each count of the information also recited circumstances allegedly tolling the statute of limitation and authorizing the 1993 prosecution.

Coleman, through his counsel, moved the district court for dismissal of the charges, claiming that the prosecution of the offenses against him was barred by the statute of limitation, I.C. § 19–402, and was not within the exceptions outlined in I.C. § 19–404. Coleman filed a second motion for dismissal wherein he asserted that the statutes criminalizing lewd conduct with a minor and infamous crime against nature, as they existed at the time of the alleged offenses, were unconstitutionally vague, and that the information suffered from indefiniteness as to the dates when the offenses were committed. Coleman also sought dismissal based on the state's failure to present corroborating evidence at the preliminary hearing. All three of the dismissal motions were denied.

Thereafter, Coleman entered a conditional plea of guilty to the two lewd conduct counts, and the infamous crime against nature charge was dismissed. As part of the plea agreement, Coleman reserved his right to appeal the denial of his motions to dismiss. A judgment of conviction on the two counts of lewd conduct was entered, and Coleman filed a timely appeal.

## II.

### ANALYSIS

#### 1. Tolling of the Statute of Limitation

On appeal, Coleman asserts that because the filing of the complaint in his case came more than thirteen years after the alleged crimes were committed, it fell outside

of the five-year statute of limitation.[1]  Coleman argues that his case is not governed by I.C. § 19–404, which authorizes a tolling of the statute of limitation period and which operates as a bar against prosecution unless the statute has been tolled.  This issue of the applicability of I.C. § 19–404, therefore, raises questions of statutory construction, over which we exercise free review.  *Sun Valley Co. v. City of Sun Valley,* 109 Idaho 424, 428, 708 P.2d 147, 151 (1985); *State v. Nelson,* 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App. 1991).

The task of the court in interpreting the meaning of language contained in a statute is to give effect to the legislature's intent and purpose.  *Sweitzer v. Dean,* 118 Idaho 568, 798 P.2d 27 (1990).  It is incumbent upon the court to interpret the statute in a manner that will not nullify it, and it is not to be presumed that the legislature performed an idle act of enacting a superfluous statute.  *Id.*  In construing a statute, the court may examine the language used, the reasonableness of proposed interpretations and the policy behind the statute.  *Umphrey v. Sprinkel,* 106 Idaho 700, 682 P.2d 1247 (1983); *State v. Seamons,* 126 Idaho 809, 892 P.2d 484 (Ct.App.1995).

Idaho Code Section 19–404 reads as follows:

> If, when the offense is committed, the defendant is out of the state, the indictment may be found within the term herein limited after his coming within the state, and no time during which the defendant is not an inhabitant of, or usually resident within, the state is part of the limitation.

Described as an exception to the limitation period governed by I.C. § 19–402, I.C. § 19–404 provides for tolling of the statute of limitation where the defendant is out of the state.  *See State v. Steensland,* 33 Idaho 529, 195 P. 1080 (1921).  "The exception being for

the benefit of the state, it is incumbent upon the state to show that it obtains."  *Id.,* at 533, 195 P. at 1081.  The state must prove the commission of the offense within the statutory period, or the existence of conditions which preserve the right in the state to prosecute after the time limited by the statute of limitation.  *Id.,* at 534, 195 P. at 1082.

Claiming that his alleged crime of lewd conduct with a minor was not committed while he was out of the state, Coleman advocates an interpretation of I.C. § 19–404 which would bar a prosecution against him.  Coleman asserts that commission of the crime while he was out of the state, in conjunction with a subsequent absence from the state, is required for the five-year statute of limitation to be tolled.  Such a reading of I.C. § 19–404, however, would render a portion of the statute meaningless.

In construing a statute, the court has the express duty to give effect to all sections of the statute and not to deprive any statutory provisions of their meaning.  *See George W. Watkins Family v. Messenger,* 118 Idaho 537, 797 P.2d 1385 (1990).  The Idaho Supreme Court, in *Steensland,* recognized the two situations in I.C. § 19–404 which trigger a tolling of the limitation of time within which to bring a complaint as "cases where a defendant was absent from the state when the crime was committed and when the accused was absent or not usually resident within the state during a portion of the time."  *Steensland,* 33 Idaho at 533, 195 P. at 1081.  Furthermore, the courts in California have interpreted their identical statute[2] to hold that the exception tolling the limitation period "includes the case of the defendant leaving the State after the commission of the crime as [well as] the case of his absence at the time of its perpetration, and that it applies to all offenses."  *People v. McGill,* 10 Cal.

---

1.  Idaho Code Section 19–402, entitled "Commencement of prosecutions for crimes against children and other felonies," states:

    > A prosecution for any felony other than murder or any felony committed upon or against a minor child must be commenced by the filing of the complaint or the finding of an indictment within three (3) years after its commis-

sion.  A prosecution for any felony committed upon or against a minor child must be commenced within five (5) years after the commission of the offense by the filing of the complaint or a finding of an indictment.

2.  Cal.Penal Code § 802 (1872), recodified as § 803 (1981).

App.2d 155, 51 P.2d 433, 434 (1935), *quoting People v. Montejo,* 18 Cal. 38 (1861).

Accordingly, we reject the application of I.C. § 19–404 in the manner suggested by Coleman. The complaint against Coleman alleges that he was in the state at the time he perpetrated the lewd conduct on his young daughters. The allegations also indicate that in 1979, Coleman and his family left the state of Idaho. Although by 1993 the five-year period commencing at the time of the alleged lewd conduct had passed, I.C. § 19–404 operated to extend the limitation period during the time Coleman was "not an inhabitant of, or usually resident within, this state." We conclude, therefore, that the application of I.C. § 19–404, under the facts of Coleman's case, brought the state's prosecution of Coleman for the lewd conduct charges within the parameters of the statute of limitation set forth in I.C. § 19–402.

## 2. Void for Vagueness Challenge

■ Coleman asserts that the substantive criminal statutes under which he was charged were unconstitutionally vague. He argues that Idaho Code Section 18–6607, which prohibits the commission of any lewd or lascivious act upon a minor under sixteen, is not sufficiently definite, or understandable by the average person, to provide reasonable notice of the conduct being proscribed. Making the same argument with respect to I.C. § 18–6605 forbidding infamous crimes against nature, Coleman insists that both statutes leave the general public to guess at their meaning and to speculate as to the conduct which the statutes seek to punish.

■ The doctrine of void for vagueness is derived from the due process clause and prohibits holding a person "criminally responsible for conduct which he could not reasonably understand to be proscribed." *State v. Lopez,* 98 Idaho 581, 590, 570 P.2d 259, 268 (1976), *quoting United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954). Due process is violated when a statute which either forbids or requires the doing of an act is written in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application. *Id., citing Connally v. Gen-*

*eral Constr. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

In 1952, the Idaho Supreme Court held:

Lewd and lascivious are words in common use and the definitions indicate with reasonable certainty the kind and character of acts and conduct which the legislature intended to prohibit and punish, so that a person of ordinary understanding may know what conduct on his part is condemned. . . . [Therefore,] the certainty required by due process is present.

*State v. Evans,* 73 Idaho 50, 57, 245 P.2d 788, 791–92 (1952). After *Evans,* the Court concluded that the statute was sufficiently certain to convey to a person of ordinary understanding an adequate description of the evil intended to be proscribed, *State v. Harmon,* 107 Idaho 73, 78, 685 P.2d 814, 819 (1984); *State v. Shannon,* 95 Idaho 299, 302, 507 P.2d 808, 811 (1973), and was not unconstitutionally vague. *State v. Schwartzmiller,* 107 Idaho 89, 94, 685 P.2d 830, 835 (1984). We therefore find Coleman's challenge to the constitutional validity of I.C. § 18–6607 to be unavailing.

■ We also conclude that this appeal with respect to Count III of the information, charging Coleman with infamous crime against nature, is not predicated upon either a final order or a judgment of conviction. *See State v. Garner,* 103 Idaho 468, 471, 649 P.2d 1224, 1227 (Ct.App.1982). The charge in Court III, which was based upon a violation of I.C. § 18–6605, was dismissed as part of the plea arrangement. Accordingly, we decline to review Coleman's challenge to the constitutionality of I.C. § 18–6605.

## 3. Sufficiency of the Information

■ Coleman argues that the information was not sufficiently specific because the offenses charged as Counts I and II purportedly took place within a twenty-five-month period and a forty-two-month period, respectively. Further, Coleman asserts that his ability to mount a defense was impaired by the delayed filing of the information which resulted from the disclosure of these criminal acts only after the victims had become adults. He claims, because the information

was so flawed, that his motion to dismiss should have been granted on this ground.

■ Sufficiency of an information ultimately depends on whether it fulfills the basic functions of the pleading instrument. *State v. Robran,* 119 Idaho 285, 805 P.2d 491 (Ct.App.1991). Because time is not a material element of the offense of lewd and lascivious conduct with a minor, the offense may be alleged to have been committed at any time before the filing of the information. *State v. Roberts,* 101 Idaho 199, 200, 610 P.2d 558, 559 (1980). *See also* I.C. § 19–1414; I.C.R. 7. Specifically, in child sexual abuse cases involving evidence of a number of secretive offenses over a period of time, detailed specificity in the information as to the times of the offenses is not required. *State v. Taylor,* 118 Idaho 450, 797 P.2d 158 (Ct.App.1990).

■ It is generally agreed that the issue is not whether the alleged offense could be described with more certainty, but whether there is "sufficient particularity" to enable the accused to "prepare a proper defense." W.R. LAFAVE and J.H. ISRAEL, CRIMINAL PROCEDURE § 19.2 (1991), *citing State v. Gumm,* 99 Idaho 549, 585 P.2d 959 (1978). An information need only be specific enough to enable a defendant to prepare a defense and to protect him or her from being subsequently prosecuted for the same offense. *Roberts,* 101 Idaho at 200, 610 P.2d at 559; *State v. Banks,* 113 Idaho 54, 740 P.2d 1039 (Ct.App.1987). The test with regard to latter concern is whether the record shows with accuracy to what extent a defendant may plead a former acquittal or conviction. *Gumm,* 99 Idaho at 555, 585 P.2d at 965, *citing State v. O'Neil,* 24 Idaho 582, 592, 135 P. 60, 63 (1913).

As noted above, the charge of lewd conduct with a minor does not contain time as a material element. *Roberts,* 101 Idaho at 200, 610 P.2d at 559. The information in this case clearly apprised Coleman of the statute he had allegedly violated and that he was charged with lewd and lascivious act or acts with each of his two daughters, between 1976 and 1979, at which time his daughters were minors. The information contained every element of the offense charged. Accordingly, the allegations are such that Coleman cannot

be charged with the same acts committed during the same time period at issue. Moreover, Coleman never suggested any defense of alibi or asserted any prejudice occasioned by the information as drafted. We conclude, therefore, that the information was sufficiently specific as to time and protects Coleman's plea of former jeopardy in any future prosecution for lewd conduct with his daughters.

### 4. Corroboration

■ Finally, Coleman asserts that his motion to dismiss should have been granted by the district court in that neither the information nor the state's case at the preliminary hearing included any corroboration evidence of the complaining witnesses' testimony, as was required in sex crime cases at the time Coleman committed these offenses. Coleman claims there was no other evidence or testimony corroborating the allegations made by his two daughters. Therefore, he argues that the charges against him should have been dismissed in response to his pre-trial motion.

The district court, however, concluded that the corroboration requirement in lewd conduct cases dealt with the level of evidence necessary to support a jury verdict and was inapplicable to pre-trial proceedings. In its order, the district court denied the motion as being premature. The district court also held that there existed corroborating evidence available for presentation by the state at trial.

The Idaho Supreme Court acknowledged in 1924:

[M]ost courts have laid down the rule that *in the trial of prosecutions* under this statute a person may be convicted of rape upon the testimony of the prosecutrix where there is no direct evidence corroborating her testimony only when her reputation for truth and chastity are unimpeached and the circumstances surrounding the commission of the offense are clearly corroborative of her statements.

*State v. Bowker,* 40 Idaho 74, 78, 231 P. 706, 707 (1924) (emphasis added). Coleman's reliance on *Bowker,* however, does not support

his contention that corroboration is required at the pre-trial stages of the proceedings. The state's reliance on *State v. Byers,* 102 Idaho 159, 627 P.2d 788 (1981), which abolished the corroboration requirement prospectively to all criminal trials commenced thereafter, is also unavailing in its failure to address the issue of corroboration at a preliminary hearing.

 Whether there is sufficient corroboration is a question for the jury. *State v. Adair,* 99 Idaho 703, 707, 587 P.2d 1238, 1242 (1978), *overruled on other grounds by State v. Byers,* 102 Idaho 159, 627 P.2d 788 (1981). The required corroboration need only *tend to support* the victim's testimony that the offense was committed and make it *appear probable* that the accused was the perpetrator. *Id.* at 707, 587 P.2d at 1242, *citing State v. Elsen,* 68 Idaho 50, 55, 187 P.2d 976, 978 (1947).

A finding of probable cause, which is to be initially determined at a preliminary hearing, shall be based upon substantial evidence upon every material element of the offense charged. I.C.R. 5.1(b). The state, at a preliminary examination, is not required to show the defendant guilty beyond a reasonable doubt; it need only prove that a crime was committed and that there is probable cause to believe the accused committed it. *State v. Greensweig,* 102 Idaho 794, 641 P.2d 340 (Ct.App.1982). The long-held justifications for the corroboration requirement in sex crime cases emphasized protection against unjust convictions. *See generally Byers,* 102 Idaho 159, 627 P.2d 788. We have uncovered no case law mandating corroborative evidence at the preliminary hearing stage of a prosecution, where the burden of proof is probable cause, not a reasonable doubt standard. Had Coleman's plea of guilty not forestalled a trial, the state's potentially corroborative evidence would have been tested as it was presented to the jury. We uphold the district court's denial of Coleman's motion to dismiss on corroboration grounds.

## III.

### CONCLUSION

Coleman does not prevail in seeking to overturn the district court's denial of his

motions to dismiss. We conclude that the statute of limitation was tolled during the time Coleman was living outside of Idaho after committing the alleged crimes in Idaho. Idaho Code Section 19–404, therefore, as applied in Coleman's case, did not operate to bar the 1993 prosecution for crimes committed between 1976 and 1979. We are bound by Idaho precedent holding that the statute defining lewd and lascivious conduct is not unconstitutionally vague. We conclude that the charging information was not flawed in specifying the time of occurrence of the crimes. We also conclude that there exists no requirement of corroboration at preliminary hearings.

The judgment of conviction is affirmed.

WALTERS, C.J., and LANSING, J., concur.