89 P.3d 881

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bobby Dean JONES, Defendant–Appellant.**

**No. 28715.**

Court of Appeals of Idaho.

Oct. 8, 2003.

Rehearing Denied Dec. 1, 2003.

Review Denied May 12, 2004.

Michael J. Wood, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

LANSING, Chief Judge.

Bobby Dean Jones appeals from the judgment of conviction entered after he was found guilty by a jury of lewd conduct with a minor child under sixteen. On appeal, Jones contends that the information filed by the State was defective in several respects, that there was a fatal variance between the infor-

mation and the evidence, and that the prosecutor gave insufficient notice of intent to offer evidence of uncharged incidents of inappropriate touching. Jones also asserts that the district court erred by using a pattern criminal jury instruction on credibility rather than Jones's proposed instruction, by denying Jones's motion for a judgment of acquittal, and by imposing an excessive sentence.

## I.

## BACKGROUND

Jones was charged with five counts of lewd conduct with a minor child under sixteen, Idaho Code § 18–1508, for acts he was alleged to have committed with two of his granddaughters. Before trial, Jones moved to dismiss the charges, arguing that the information failed to alleged sufficient facts to meet the due process requirement of adequate notice and protection against double jeopardy, that counts one and two were duplicitous because they charged identical and indistinguishable crimes, and that count five was unconstitutional because it charged defendant with multiple criminal acts in one count rather than a single criminal act. The district court denied the motion.

After a trial, a jury found Jones guilty on four of the five counts. The court sentenced Jones to concurrent unified terms of life imprisonment, with five years determinate. Jones now appeals.

## II.

## ANALYSIS

### A. Sufficiency of the Information

Jones argues, as he did in his pretrial motion, that the information was insufficient to apprise him of the nature of the charges against him and to protect him from a second prosecution for the same crimes. More specifically, he argues that the information identified no particular time, no location, no information on the presence of other witnesses, or any other information which might have aided him in identifying the particular incidents for which he was charged.

The sufficiency of an information is a question of law over which we exercise free review. *State v. Holcomb,* 128 Idaho 296, 300, 912 P.2d 664, 668 (Ct.App.1995); *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991). An information is legally sufficient if it contains "a plain, concise and definite written statement of the essential facts constituting the offense charged." Idaho Criminal Rule 7(b). *See also* I.C. § 19–1409; *State v. Owen,* 129 Idaho 920, 926, 935 P.2d 183, 189 (Ct.App.1997). Ultimately, the sufficiency of the information depends upon whether it fulfills the basic functions of a pleading instrument by informing the defendant of the charges against which he must defend and enabling him to plead an acquittal or conviction in order to avoid reprosecution for the same offense. *State v. Coleman,* 128 Idaho 466, 471, 915 P.2d 28, 33 (Ct.App.1996); *Holcomb,* 128 Idaho at 300, 912 P.2d at 668.

We first address Jones's argument concerning the lack of specific details in the information regarding how the criminal acts were alleged to have been committed. Although an information must contain the essential facts, the State is not required to disclose in the information the evidence which it relies upon to prove its case. *State v. McKeehan,* 91 Idaho 808, 815, 430 P.2d 886, 893 (1967). In addition, a defendant generally cannot be prejudiced by the absence of specific details in the information when those details are either already known to the defendant or are provided to him by means other than the information, such as through preliminary hearing testimony. *Owen,* 129 Idaho at 927, 935 P.2d at 190. *See also Holcomb,* 128 Idaho at 300, 912 P.2d at 668. Here, the allegations of the information, though general, are sufficient.

In addition, Jones was fully apprised of the acts he was charged with committing at the preliminary hearing. During that hearing, the State presented the victims' testimony about the surrounding circumstances and the manner in which the offenses were alleged to have been committed. The preliminary hearing eliminated any uncertainty and gave Jones notice of the details of the charges against him. Therefore, Jones has suffered

no prejudice from the manner in which the information pleaded the charges.

 Jones's next argument, that the information was insufficient for failure to allege a specific time of the offenses, is also without merit. Under I.C. § 19–1414, the "precise time at which the offense was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense." Time is not a material element of the crime of lewd and lascivious conduct with a minor. *State v. Roberts*, 101 Idaho 199, 200, 610 P.2d 558, 559 (1980); *State v. Marks*, 120 Idaho 727, 729, 819 P.2d 581, 583 (Ct.App.1991). The Idaho Supreme Court has stated that "[a]ny other rule would too often preclude prosecutions in this type of case where the victims are minors and where the crimes are not discovered until some time after their commission." *Roberts*, 101 Idaho at 200, 610 P.2d at 559. Although the alleged incident should be set forth with as much specificity as possible, the charges may be pleaded generally when the record shows that the State could not plead with any more specificity. *Marks*, 120 Idaho at 729, 819 P.2d at 583.

In the instant case, the information alleged that the offenses occurred between the spring of 1999 and the spring of 2000 (counts I and II), during the fall of 2000 (count IV), and between 1993 and August 2000 (count V).[1] The record shows that as to counts I, II and IV, the State could not have pleaded the charges with any greater particularity. The victim, L.J., was young, between eight and ten years old, at the time these lewd acts were alleged to have been committed. She frequently visited Jones at his home, where the abuse was alleged to have occurred. It is unrealistic to expect her to be able to recall dates specifically given her age and the time span over which the acts were alleged to have occurred. Jones has not shown that the lack of greater specificity in the dates somehow inhibited his ability to defend against

the charges or subjects him to the risk of another prosecution for the same offenses.

 As to count V, however, the allegation of a seven-year span is not explained by the record, and it appears that the State could have narrowed that allegation considerably. This pleading deficiency does not, however, entitle Jones to relief. As noted above, vagueness in the allegations of an information may be cured through preliminary hearing testimony that informs the defendant of the details of the State's allegations. Here, the victim referenced in count V testified at the preliminary hearing, when she was twelve years old, that the offense occurred about three years earlier, when she was eight or nine. This testimony narrowed the time frame and prevented any prejudice to Jones from the lack of specificity in the pleading.

 Lastly, Jones contends that the information was insufficient to protect him against suffering a second prosecution for the same offenses. The test in determining whether an information is sufficient to protect a defendant from reprosecution is "whether the record shows with accuracy to what extent a defendant may plead a former acquittal or conviction." *Coleman*, 128 Idaho at 471, 915 P.2d at 33. Transcripts of Jones's preliminary hearing and trial identify the acts that are the basis for the charges in this case. If a second prosecution were ever attempted, Jones could rely upon the record to establish that he had already been convicted or acquitted of the crimes. *See State v. Windsor*, 110 Idaho 410, 418 n. 1, 716 P.2d 1182, 1190 n. 1 (1985). Accordingly, Jones has not shown that the general nature of the information's allegations leaves him exposed to reprosecution for these crimes.

### B. Multiplicity of Counts I and II

 Jones next argues that he was improperly charged in counts I and II because those counts are multiplicitous. He contends that because the counts are worded identically, they improperly charge him with two counts for what is actually a single offense.

1. Jones was found not guilty of count III, so any argument regarding the sufficiency of that charge is moot.

Idaho Code § 19–1432 allows for the charging of two or more offenses in the same indictment or information if the offenses charged "are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." However, multiplicity may occur if a defendant is charged with a single offense in more than one count of the information or the indictment. *Sanchez v. State*, 127 Idaho 709, 713–14, 905 P.2d 642, 646–47 (Ct.App.1995). The danger of multiplicitous charging is that a defendant could be subjected to multiple punishments for a single offense. *State v. Aguilar*, 135 Idaho 894, 897, 26 P.3d 1231, 1234 (Ct.App.2001).

Whether a circumstance encompasses a single offense or multiple offenses depends upon whether there were separate and distinct prohibited acts. *Miller v. State*, 135 Idaho 261, 267, 16 P.3d 937, 943 (Ct.App. 2000); *Sanchez*, 127 Idaho at 713–14, 905 P.2d at 646–47. This determination requires an inquiry into the "circumstances of the conduct, and consideration of the 'intent and objective of the actor.' " *State v. Major*, 111 Idaho 410, 414, 725 P.2d 115, 119 (1986) (quoting *In re Ward*, 64 Cal.2d 672, 51 Cal. Rptr. 272, 414 P.2d 400 (1966)). Thus, although a series of sexual contacts which occur as part of a single incident constitute only one count of lewd conduct under I.C. § 18–1508, a number of sexual acts occurring on separate occasions constitute multiple offenses. *Miller*, 135 Idaho at 266–67, 16 P.3d at 942–43.

In the instant case, counts I and II both alleged that:

Bobby Dean Jones, during the Spring of 1999 to the Spring of 2000, in the County of Gooding, State of Idaho, did willfully and lewdly, commit a lewd and lascivious act upon and/or with the body of a minor, L.J., under the age of sixteen years, to-wit: eight or nine (8 or 9) years of age, by manual-genital contact, to-wit: by touching L.J. in or upon her vagina with his finger, with the intent to arouse, appeal to or gratify the lust, passion or sexual desire of the defendant and/or said minor child.

In charging counts I and II using identical language, the State was not charging Jones twice for one single act, nor were they charging him for a continuous course of conduct. Rather, the State was charging Jones for two separate and distinct acts that occurred in the same manner and during the same span of time. L.J. testified to two incidents of manual-genital touching that occurred within that time period. She said that the first incident occurred when she and her brother were staying overnight at Jones's trailer while A.J. (L.J.'s sister) attended a birthday party. L.J. stated that she was sleeping in the back bedroom when Jones came in the room and put his hand on L.J.'s vagina. L.J. then described another incident that occurred on another trip to Jones's trailer, this time with A.J. L.J. said that Jones again came into the bedroom, got into the bed with her, and fondled her vagina. Because these events were clearly distinguishable as distinct crimes, each incident was properly charged as an independent offense.

### C. Count V

Jones also contends that the charge contained in count V was "fatally duplicitous" because, at trial, the victim testified about multiple acts that matched the allegations in the information and that occurred during the time period charged in the information.

Duplicity refers to the charging of more than one offense in a single count of the charging document. *Major*, 111 Idaho at 414, 725 P.2d at 119; *State v. Chapa*, 127 Idaho 786, 789, 906 P.2d 636, 639 (Ct.App. 1995). *See also* WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 19.3(c), at 775 (2d ed.1999). A duplicitous charge can prejudice the defendant "in the shaping of evidentiary rulings, in producing a conviction on less than a unanimous verdict as to each separate offense, in sentencing, in limiting review on appeal, and in exposing the defendant to double jeopardy." *Major*, 111 Idaho at 414, 725 P.2d at 119 (quoting WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 19.2(e) (1984)). One instance of duplicity occurs when the prosecution fails to recognize that each repetition of an act constitutes a separate offense and therefore includes a

series of acts in one count. *See Bins v. United States,* 331 F.2d 390 (5th Cir.1964); LaFave, Criminal Procedure § 19.3(c), at 776 n. 81.

Contrary to Jones's assertion, the charge in count V is not duplicitous because the count does not charge him with more than one offense; rather, the count refers to the commission of one single act. While it is true that the evidence presented at trial described multiple such offenses occurring within the alleged time frame, this does not create a duplicitous *charge.*[2]

### D. Variance in the Evidence and the Jury Instructions

 Jones also contends that there were fatal variances between the allegations of the information and the trial evidence and jury instructions, which resulted in a constructive amendment of the charges. A variance between the information and the evidence presented at trial or between the information and the jury instructions requires reversal of the conviction only when the defendant was deprived of fair notice of the charge against which he must defend or was left open to the risk of double jeopardy. *State v. Windsor,* 110 Idaho 410, 417–18, 716 P.2d 1182, 1189–90 (1985); *State v. Brazil,* 136 Idaho 327, 330, 33 P.3d 218, 221 (Ct. App.2001); *State v. Colwell,* 124 Idaho 560, 565–66, 861 P.2d 1225, 1230–31 (Ct.App. 1993). Not all variances are fatal because "there is a marked distinction between a 'mere variance' and a variance which is automatically fatal because it amounts to an impermissible 'constructive amendment.' " *Colwell,* 124 Idaho at 565–66, 861 P.2d 1225, 1230–31 (quoting Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 19.2 (1984)). Idaho law bars any amendment of the information that would charge the accused with a crime of a greater degree or a different nature than that for which the defendant was bound over by the magistrate. *Colwell,* 124 Idaho at 566, 861 P.2d at 1231. *See also* I.C. § 19–1420. Accordingly, where a variance alters the information to

the extent that the defendant is tried for a crime of a greater degree or a different nature, relief will be warranted.

 Jones first claims that there is a variance with respect to the first two counts of the information, both alleging offenses against L.J., because L.J. testified at the preliminary hearing that the two events occurred approximately two weeks apart but she did not refer to that same time frame testimony at trial. Contrary to Jones's assertion, this is not a variance, nor is there any inconsistency in her testimony. L.J. was not required to testify at trial as to the time lapse between the two incidents. Jones was not subjected to a possible conviction of a different crime or a crime of a different nature than that alleged in the information.

 Second, Jones claims there was a variance because the State presented evidence of two incidents of improper touching of L.J. that were not the bases of the charges and were not described at the preliminary hearing. He contends that this amounts to a fatal variance because the jury could have used this evidence to convict him, thereby resulting in a conviction for a crime that he was not charged with. Jones's argument is without merit. This testimony was specifically admitted as evidence of other misconduct for purposes that are permissible under I.R.E. 404(b). Immediately after presentation of this evidence, the court gave the jurors a limiting instruction, informing them that they had just heard evidence that the defendant committed wrongs or acts "other than that for which the defendant is on trial" and that this evidence was presented only for the limited purpose of proving motive, opportunity, intent, preparation, plan, knowledge or absence of mistake. Given this limiting instruction, no fatal variance existed.

 Lastly, Jones argues that the court's instructions to the jury constituted a fatal variance because the court added "on or about" to the time frame of the offenses alleged in the information. He contends that

---

2. When the evidence describes several distinct criminal acts of the type charged, but the defendant is charged with only one count, the defendant is entitled to a jury instruction informing

the jury that they must agree upon one single act committed by the defendant in order to find him guilty. *Miller,* 135 Idaho at 268, 16 P.3d at 944. Such an instruction was given in this case.

this broadened the bases upon which Jones might be convicted. We disagree. This slight expansion of the time frame does not allow the jury to find Jones guilty of a different offense than that alleged in the information. Jones has identified no fatal variances between the information and the evidence or jury instructions.

### E. Rule 404(b) Notice

■ Prior to trial, the State gave Jones written notice of its intent to offer evidence of other crimes, wrongs, or acts pursuant to Rule 404(b) of the Idaho Rules of Evidence. Specifically, the notice referred to evidence of "prior acts of improper touching by the defendant of [L.J., A.J., L.M.] . . . ." Jones filed a motion in limine to exclude such evidence, asserting that the State's notice was insufficient because it did not disclose any details of the anticipated testimony. At the hearing on the motion in limine, the State made an offer of proof regarding the testimony of L.M. but the prosecutor said that he did not know exactly what testimony would be given by the victims, L.J. and A.J., concerning incidents of uncharged improper touching. Jones asked that the court limit the testimony of L.J. and A.J. to those incidents to which they testified at the preliminary hearing, but the court refused to do so. Rather, the court chose to reserve ruling on that potential testimony until the trial, if and when the State proffered testimony about other incidents.

During the trial, L.J. testified about two incidents of improper touching which she had not mentioned in the preliminary hearing. Jones objected to this testimony, asserting that the State had not provided adequate notice of this Rule 404(b) evidence. The court overruled Jones's objection. The court also gave the jury a limiting instruction, stating that the testimony was not to be considered as proof of the defendant's character or as proof that the defendant has a disposition to commit crimes. On appeal, Jones challenges the district court's ruling that the notice of intent was sufficient. He argues that the State's notice did not adequately describe the incidents about which testimony would be given.

Idaho Rule of Evidence 404(b) provides that evidence of other crimes, wrongs or acts may be admissible at trial for purposes of proving matters other than bad character or propensity for crime. However, admissibility is conditioned on the prosecution filing and serving "notice reasonably in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." I.R.E. 404(b). This Idaho rule is nearly identical to its federal counterpart, Federal Rule of Evidence 404(b). Because the issue of the extent of disclosure required by I.R.E. 404(b) has never been addressed by Idaho appellate courts, we will examine federal authority concerning the notice requirement.

The committee notes regarding the 1991 amendment to F.R.E. 404(b), which added the notice requirement, are instructive. They indicate that the amendment was intended "to reduce surprise and promote early resolution on the issue of admissibility," and was not intended to require the prosecution to disclose the names and addresses of its witnesses. The committee notes also state that no specific form of notice is required and that the committee opted to allow for a generalized notice provision which would only require the prosecution to inform the defense of the *general nature* of the evidence. Accordingly, under the federal rules, the notice need not contain specifics but rather may be of a general nature, sufficient merely to apprise the defendant of its existence and avoid surprise.

We observe that the Rule 404(b) notice is not the only mechanism by which a defendant may obtain information about the contemplated evidence. If a notice provided by the State contemplates testimony from a witness who was not previously disclosed, and if the defendant requested the names of witnesses under I.C.R. 16(b), the State would be obligated to supplement its disclosure pursuant to I.C.R. 16(i). Further, if upon receipt of the notice the defendant believes that additional information is necessary, additional discovery may be requested under I.C.R. 16(b)(8). The existence of these alternatives weighs in favor of allowing considerable generality in Rule 404(b) notice.

The notice in the present case was sufficient to alert the defense to the general nature of the additional testimony and to thereby avoid surprise. The witnesses were identified in the notice, and the general type of conduct alleged to have been committed was revealed also. This information was sufficient to allow the admissibility issue to be raised by Jones although the trial court elected not to rule on admissibility before the trial. No greater specificity is required by I.R.E. 404(b). Moreover, Jones has not shown that more specific information would have aided in his defense. The district court committed no error in determining that the notice requirement of I.R.E. 404(b) was met.

### F. Credibility Instruction

 Jones next contends that the district court erred in refusing Jones's proposed instruction on credibility, which was based on the pattern credibility instruction in the Idaho *Civil* Jury Instructions (IDJI). He argues that the credibility instruction provided in the Idaho *Criminal* Jury Instructions (ICJI), which is the instruction used by the court, gives the jury insufficient guidance for the determination of witness credibility. Jones does not assert that the court's instruction misstates the law; rather, he contends that the pattern instructions discriminate against criminal defendants because the IDJI credibility instruction provides the jury with more direction than does the ICJI instruction. According to Jones, this discrimination is violative of his right to equal protection.

 Equal protection of the law is guaranteed by Article 1, Section 2 of the Idaho Constitution and by the Fourteenth Amendment of the United States Constitution. *Northcutt v. Sun Valley Co.,* 117 Idaho 351, 357, 787 P.2d 1159, 1165 (1990). The principle underlying equal protection is that all persons in like circumstances should receive the same benefits and burdens of the law. *Bon Appetit Gourmet Foods, Inc. v. State, Dep't of Employment,* 117 Idaho 1002, 1003, 793 P.2d 675, 676 (1989); *Aeschliman v. State,* 132 Idaho 397, 401, 973 P.2d 749, 753 (Ct.App.1999). Accordingly, no equal protection analysis is required and no violation of

equal protection will be found in situations where the State has not engaged in the disparate treatment of similarly situated individuals. *Shobe v. Ada County, Bd. of Comm'rs,* 130 Idaho 580, 585–86, 944 P.2d 715, 720–21 (1997); *State v. Rountree,* 129 Idaho 146, 151, 922 P.2d 1072, 1077 (Ct.App. 1996).

Jones's claim of an equal protection violation is without merit. Although the IDJI credibility instruction is longer and more detailed than the ICJI instruction, in substance the two are alike. Jones has not demonstrated that there is such a substantive difference between the two instructions that criminal defendants are disadvantaged. As a result, he has shown no disparate treatment of criminal defendants.

### G. Motion for Acquittal on Count IV

 At the conclusion of the State's case, Jones moved for a judgment of acquittal on all counts. With regard to count IV, Jones argued that the State had failed to establish any improper touching in "the fall of 2000," as alleged in the information, because L.J. testified that the last time that Jones had touched her was on August 8, 2000, two days after her tenth birthday. The court denied Jones's motion. On appeal, Jones renews his argument that count IV was unsupported by the evidence because the State failed to prove that any lewd conduct occurred in the "fall of 2000."

 A motion for a judgment of acquittal under I.C.R. 29(a) must be granted if there is insufficient evidence to sustain a conviction on the challenged offense. *State v. Dietrich,* 135 Idaho 870, 873, 26 P.3d 53, 56 (Ct.App.2001); *State v. Gonzalez,* 134 Idaho 907, 909, 12 P.3d 382, 384 (Ct.App.2000). Upon review of the denial of such a motion, this Court independently reviews the evidence in the record to determine if reasonable minds could conclude that the defendant's guilt on each *material* element was proven beyond a reasonable doubt. *State v. Henry,* 138 Idaho 364, 368, 63 P.3d 490, 494 (Ct.App.2003); *Gonzalez,* 134 Idaho at 909, 12 P.3d at 384.

The only allegation that Jones claims the State failed to prove beyond a reasonable doubt is the time at which the offense occurred. However, as we stated above, time is not a material element to the crime of lewd and lascivious conduct with a minor. *See Coleman,* 128 Idaho at 471, 915 P.2d at 33; *Marks,* 120 Idaho at 729, 819 P.2d at 583. Even if August 8 may not be considered "fall," this slight variance between the charge and the evidence was not material, and Jones has not shown that the lack of notice of the specific date prejudiced his defense. Because the charge in count IV is supported by sufficient evidence as to the material elements of the crime, we affirm the district court's denial of Jones's motion for judgment of acquittal.

## H. Sentence

■ Lastly, Jones contends that the sentences imposed by the district court are excessive in light of his advanced age, his lack of a prior felony record and the fact that he has strong family support.

■ Our standards for appellate review of a sentence are well settled. When a sentence is imposed within the maximum permitted for the offense, we review the sentence for an abuse of discretion. *State v. Anderson,* 103 Idaho 622, 623, 651 P.2d 556, 557 (Ct.App.1982). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of

the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears that the confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

Although this is Jones's first felony conviction, there is evidence that the abuse of L.J., A.J., and another granddaughter occurred over a number of years. According to a psychosexual evaluation, Jones presented a high risk of reoffending. We conclude that the district court did not abuse its discretion in sentencing Jones.

## III.

## CONCLUSION

Jones has not shown any fatal deficiencies in the information or reversible trial error, and his sentences are not excessive. Therefore, the judgment of conviction and sentences are affirmed.

Judge GUTIERREZ and Judge Pro Tem WALTERS CONCUR.