26 P.3d 1231

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jose Luis AGUILAR, Defendant–Appellant.**

No. 25829.

Court of Appeals of Idaho.

June 6, 2001.

Pena Law Offices, Rupert, for appellant. Raymundo G. Pena argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

LANSING, Judge.

The principal issue presented by this appeal is whether the local prosecuting attorney's office should have been disqualified from participating in this case because the defendant wished to call the handling prosecutor as a witness.

## FACTS AND PROCEDURAL HISTORY

Jose Luis Aguilar was charged with one count of trafficking in methamphetamine and one count of trafficking in amphetamine as a result of his participation in the controlled purchase of narcotics by a confidential informant. The substance that was delivered consisted of five rocks. A chemical analysis determined that three of the rocks were methamphetamine and two were amphetamine.

Before trial, Aguilar moved to disqualify the Office of the Ada County Prosecuting Attorney and its deputy prosecutor, Patrick Owen, on the ground that the defense intend-

ed to call Mr. Owen as a witness. Aguilar wished to present Mr. Owen's testimony about concessions the State had agreed to make in exchange for the informant's participation in the controlled buy that led to Aguilar's arrest. The district court granted the motion, but later rescinded its order upon the State's motion for reconsideration. Aguilar proceeded through his trial without calling Owen as a witness, and was found guilty by the jury.

## ANALYSIS

### A. Disqualification of Prosecuting Attorney

Aguilar first challenges the district court's determination that the Office of the Ada County Prosecuting Attorney and its deputy prosecutor, Patrick Owen, should not be disqualified from representing the State in this prosecution. Aguilar asserts that Mr. Owen's communications with the confidential informant, in which Owen agreed to reduce a pending charge against the informant to induce him to participate in the sting operation against Aguilar, made Owen a necessary defense witness. Aguilar points out that it is generally a violation of Idaho Rules of Professional Conduct 1.7(b) and 3.7 for an attorney to testify in a case where the attorney represents one of the parties.

Although Aguilar has, throughout these proceedings, framed this issue as whether Mr. Owen should have been disqualified, the more appropriate specification of the issue is whether Aguilar was entitled to call Mr. Owen as a witness. The Idaho appellate courts have not directly addressed the circumstances under which a defendant should be allowed to call the prosecuting attorney as a witness, but other jurisdictions have done so. The following is a concise articulation by the Eighth Circuit Court of Appeals of generally recognized standards for determining whether a participating attorney can be called as a witness:

> Whether a defending or prosecuting attorney may testify in a case he is trying is within the discretion of the district court. *United States v. Buckhanon*, 505 F.2d 1079, 1084 (8th Cir.1974); *Gajewski v.*

*United States*, 321 F.2d 261, 268 (8th Cir. 1963), *cert. denied*, 375 U.S. 968, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964). Requests for such testimony are disfavored. *United States v. Prantil*, 764 F.2d 548, 551 (9th Cir.1985); *United States v. Dupuy*, 760 F.2d 1492, 1498 (9th Cir.1985). The party seeking such testimony must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony. *See Gajewski*, 321 F.2d at 269 (defendant must show prosecutor "possesses information vital to the defense"); *Prantil*, 764 F.2d at 551 ("a defendant has an obligation to exhaust other available sources of evidence before a court should sustain [his] efforts to call a participating prosecutor as a witness"); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir.1982) (movant must demonstrate a "compelling need" for opposing counsel's testimony). The District Court's ruling on such a motion will not be reversed " 'absent a clear and prejudicial abuse of discretion.' " *United States Envtl. Protection Agency v. City of Green Forest, Ark.*, 921 F.2d 1394, 1409 (8th Cir. 1990) (*quoting Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir.1981), *aff'd. sub nom. Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)), *cert. denied*, 502 U.S. 956, 112 S.Ct. 414, 116 L.Ed.2d 435 (1991).

*United States v. Watson*, 952 F.2d 982, 986 (8th Cir.1991).

Aguilar relies heavily on *United States v. Prantil*, 764 F.2d 548, 551 (9th Cir.1985), which he contends is substantially similar to the present case. In *Prantil*, the defendant was a criminal defense attorney charged with harboring the fugitive husband of one of his clients. The defendant attorney had negotiated directly with Assistant U.S. Attorney Gorder for the fugitive's surrender. Later, the defendant attorney was charged with various offenses arising from his aid to the fugitive and his communications to the Assistant U.S. Attorney. The defendant sought to call Assistant U.S. Attorney Gorder as a witness at trial, but the trial court declined to allow it. The Ninth Circuit Court of Appeals reversed, holding that the trial court abused

its discretion in denying the defendant's motion for substitution of an alternative prosecutor. The court concluded: "[A]lthough he never took the stand, Mr. Gorder was a witness to, and indeed a participant in, some aspect of all of the events alleged in the indictment." *Id.* at 551. The court determined that Mr. Gorder's testimony was not duplicative. "Rather, the defendant sought Mr. Gorder's testimony as to his knowledge of the facts vital to the defendant's defense to the charge of being an accessory after the fact." *Id.* at 552. Accordingly, the court concluded that the defendant had shown a compelling need to call the participating prosecutor as a witness.

We find *Prantil* inapposite, however, for unlike the Assistant U.S. Attorney in *Prantil*, Mr. Owen was not a participant in or a witness to the acts or transactions upon which Aguilar's prosecution was based. We further conclude that Aguilar has not shown a "compelling need" to call Mr. Owen as a witness, so as to warrant Owen's disqualification as a prosecutor. At a hearing on the State's motion for reconsideration, Mr. Owen testified as to his communications with the confidential informant. His uncontradicted testimony indicates that Mr. Owen met personally with the confidential informant on only one occasion, in the presence of a detective. At that meeting, Mr. Owen merely introduced himself and told the informant that a hearing scheduled for that day was cancelled and would probably take place the next day. The only other communication that Mr. Owen had with the informant was a letter written to the informant's attorney. This letter, in which Mr. Owen offered to reduce a trafficking charge pending against the informant in exchange for the informant's cooperation, was attached to the State's motion for reconsideration and was available for Aguilar to use at trial. Thus, the same substantive information to which Mr. Owen could have testified could be presented through the informant (who testified at trial) or the informant's attorney or through introduction of the letter into evidence. Because Aguilar did not demonstrate a compelling need to call Mr. Owen as a witness, the district court did not abuse its discretion

when it refused to disqualify Mr. Owen and the Office of the Ada County Prosecuting Attorney from representing the State in this case.

### B. Jury Instructions

We next consider Aguilar's argument that he was improperly charged and tried on two counts for what was only a single offense. Before trial, Aguilar moved for dismissal of one of the two trafficking charges, arguing that Idaho Code § 37–2732B(a)(3) (1998),[1] defined only a single crime of "trafficking in methamphetamine or amphetamine," and that it was thus impermissible to charge him with separate offenses for trafficking in methamphetamine and trafficking in amphetamine. The district court held that trafficking in the two substances constituted a single offense under the statute, but also determined that only the State was entitled to amend the charging information. Therefore, the district court denied defendant's motion and instructed the jury as to both counts. The jury found Aguilar guilty on both counts. Before sentencing, however, Aguilar renewed his motion to dismiss one of the trafficking charges, and the district court granted the motion. Aguilar was sentenced to a term of fifteen years with ten years determinate for one count of trafficking in methamphetamine.

It has been stated that the chief danger created by a multiplicitous indictment or information is the possibility that the defendant will receive more than one sentence for a single offense. *See United States v. Matthews,* 226 F.3d 1075, 1083 (9th Cir.2000); *United States v. Nguyen,* 28 F.3d 477, 482 (5th Cir.1994). As noted, the district court here concluded that Aguilar could be convicted of only a single offense of trafficking in methamphetamine and amphetamine under I.C. § 37–2732B(a)(3) (1998). To remedy the

prosecutor's error in charging and trying Aguilar for two separate offenses, the district court dismissed one of the counts before sentencing. Thus, Aguilar has suffered a judgment of conviction and sentence for only one count, trafficking in methamphetamine.

Nevertheless, Aguilar asserts that by failing to dismiss the second count before trial and by instructing the jury as to two separate charges, the district court committed reversible error which necessitates a new trial. In his appellate brief Aguilar has cited no authority on this issue to provide either direct or indirect support for his argument.[2] Idaho Appellate Rule 35 requires that an appellant's brief shall contain an argument section which, "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefore, *with citations to the authorities,* statutes and parts of the transcript and record relied upon." . (Emphasis added.) When a party presents no authority relating to an issue asserted on appeal, the issue is deemed waived. *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). *See also State v. Salinas,* 134 Idaho 362, 366, 2 P.3d 747, 751 (Ct.App.2000); *State v. Li,* 131 Idaho 126, 129, 952 P.2d 1262, 1265 (Ct.App.1998). Therefore, we decline to address Aguilar's assertion that he was prejudiced by the multiple charges.

### CONCLUSION

Because Aguilar has shown no error in the proceedings below, the judgment of conviction is affirmed.

Judge PERRY concurs.

Judge Pro Tem CARLSON concurring in the result:

I concur in the result of this case, but wish to express myself further regarding the issue

---

1. Section 37–2732B(a)(3) (1998) provided:

   Any person who knowingly manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, twenty-eight (28) grams or more of methamphetamine or amphetamine or of any mixture or substance containing a detectable amount of methamphetamine or amphetamine is guilty of a felony, which felony shall be known as "trafficking in methamphetamine or amphetamine."

   The statute was amended in 1999, and the subsection in question was renumbered § 37–2732B(a)(4). 1999 Idaho Sess. Laws, ch. 143, § 2.

2. Aguilar also has not identified any evidence that the jury would not have heard but for the alleged impropriety in the charging information.

involving jury instructions. Rather than the reasons given in the majority opinion, I would affirm this case because of its unique facts. The defendant raises important and timely questions. Is there prejudice to a defendant when he has been incorrectly charged with two trafficking charges rather than one? Does a jury tend to view the number of charges as a factor of guilt? In the case against Mr. Aguilar it did not matter, since the evidence on each count was exactly the same—the five rocks were sold in one transaction. If he was guilty of trafficking methamphetamine, he was guilty of trafficking amphetamine. Any error in this case, under its unique set of facts, was corrected by the trial judge when he dismissed one of the counts before sentencing.