# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41572

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 719** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: September 11, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GREGORY RAYMOND HIGGINS, JR.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment of conviction and determinate life sentence for first degree murder, enhanced for use of a firearm during the commission of a crime, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Gregory Raymond Higgins, Jr. was found guilty of first degree murder, I.C. § 18-4001, 18-4002 and 18-4003(a), and the use of a firearm during the commission of a crime, I.C. § 19-2520. The district court sentenced Higgins to a determinate term of life imprisonment. Higgins appeals.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*,

1

103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The question before this Court is not what sentence it would have imposed but, rather, whether the district court abused its discretion. *State v. Stevens*, 146 Idaho 139, 148-49, 191 P.3d 217, 226-27 (2008). Where reasonable minds might differ, the discretion vested in the trial court will be respected and this Court will not supplant the views of the trial court with its own. *State v. Windom*, 150 Idaho 873, 875, 253 P.3d 310, 312 (2011).

A fixed life sentence requires a high degree of certainty that the perpetrator could never be safely released back into society or that the nature of the offense requires that the individual spend the rest of his or her life behind bars. *Windom*, 150 Idaho at 876, 253 P.3d at 313. *See also State v. Li*, 131 Idaho 126, 129, 952 P.2d 1262, 1265 (Ct. App. 1998); *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct. App. 1988). At sentencing, the district court specifically recognized that the sentencing decision was committed to its discretion and that it was required to act within the bounds of that discretion through an exercise of reason. The district court discussed the goals of sentencing, as well as the factors set forth in I.C. § 19-2521 and the standard set forth in *Windom* for imposition of a fixed life sentence.

Higgins contends that his sentence is excessive. The sentence imposed does not exceed the maximum. Therefore, Higgins must show that the sentence is unreasonable under any reasonable view of the facts. *See Windom*, 150 Idaho at 875, 253 P.3d at 312. Higgins has failed to show that the district court abused its discretion. Therefore, Higgins's judgment of conviction and determinate life sentence are affirmed.