**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41392**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 828 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LACEY MARK SIVAK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and determinate life sentence for felony first degree murder and use of a firearm in the commission of a felony, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ian H. Thomson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Lacey Mark Sivak was found guilty of felony first degree murder, I.C. §§ 18-4001 and 18-4003, and use of a firearm in the commission of a felony, I.C. § 19-2520. Sivak was initially sentenced to death. After numerous appeals, several capital resentencings and years of litigation in both the state and federal courts, Sivak's death sentence was vacated and his case was scheduled for resentencing. Following an updated presentence report, testimony by witnesses and a resentencing hearing, the district court sentenced Sivak to a determinate term of life imprisonment. Sivak filed an I.C.R 35 motion, which the district court denied. Sivak appeals.

1

The question before this Court is not what sentence it would have imposed but, rather, whether the district court abused its discretion.  *State v. Stevens*, 146 Idaho 139, 148-49, 191 P.3d 217, 226-27 (2008).  Where reasonable minds might differ, the discretion vested in the trial court will be respected and this Court will not supplant the views of the trial court with its own. *State v. Windom*, 150 Idaho 873, 875, 253 P.3d 310, 312 (2011).

A fixed life sentence requires a high degree of certainty that the perpetrator could never be safely released back into society or that the nature of the offense requires that the individual spend the rest of his or her life behind bars.  *Windom*, 150 Idaho at 876, 253 P.3d at 313.  *See also State v. Li*, 131 Idaho 126, 129, 952 P.2d 1262, 1265 (Ct. App. 1998); *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct. App. 1988).

Sivak contends that his sentence is excessive.  The maximum sentence the district court could have imposed was the death penalty.  The sentence imposed did not exceed the maximum. Therefore, Sivak must show that the sentence is unreasonable under any reasonable view of the facts.  *See Windom*, 150 Idaho at 875, 253 P.3d at 312.  Sivak's crime is summarized as follows:

> On April 6, 1981, Dixie Wilson, an attendant at a self service gas station, was discovered near death by a customer.  She had been stabbed numerous times and shot several times.  Evidence indicated she had also been sexually molested. She later died from her wounds.
>
> Witnesses saw two men inside the station with Wilson shortly before the murder, one they identified as Randall Bainbridge.  [Sivak] and Bainbridge were seen together before and after the killing.
>
> [Sivak] admitted being present during the robbery and murder, but claimed he was merely an innocent bystander.  He claimed he did not participate in the robbery and murder and did not carry a firearm.  However, [Sivak's] fingerprint was found on the murder weapon.
>
> Evidence indicated [Sivak] had previously worked at the station, was known to the victim, had expressed animosity toward her, and had called to inquire who would be on duty at the station on April 6, 1981.  The gun used in the attack was found in a storage shed rented by [Sivak].

*State v. Sivak*, 105 Idaho 900, 902, 674 P.2d 396, 398 (1983).

At resentencing, the district court specifically recognized that the sentencing decision was committed to its discretion and that it was required to act within the bounds of that discretion through an exercise of reason.  The district court discussed the goals of sentencing, as well as the factors set forth in I.C. § 19-2521.  In sentencing Sivak, the district court concluded that Sivak's trial testimony and allocution were not credible.  The district court concluded that Sivak's crime

was unprovoked by the victim and that Sivak lacked remorse in this case, had never been a law-abiding citizen, and society needed to be protected from him.

Sivak argues that the district court did not consider certain mitigating factors at sentencing. Specifically, Sivak asserts that the district court did not consider his youthfulness at the time of the crime, his potential for rehabilitation, his continued health problems, the abuse he suffered as a child, the role that alcohol and drugs play in his life and underlying crime, and the continued support from his family and friends. It appears from the record, however, that the district court did consider all of these factors in sentencing Sivak. Given Sivak's record of law violations, the egregiousness of the crime and the lack potential for rehabilitation as found by the district court, we cannot say that the district court abused its sentencing discretion.

Next, we review whether the district court erred in denying Sivak's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Sivak's judgment of conviction and determinate life sentence, and the district court's order denying Sivak's Rule 35 motion, are affirmed.