# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43300

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 526 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 6, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRADLEY RYAN THOMASSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction and consecutive determinate sentences of twenty-five years for two counts of arson, ten years for two counts of burglary, fourteen years for grand theft, and one year for petit theft, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP.; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Bradley Ryan Thomasson was found guilty of two counts of first degree arson, I.C. § 18-802; two counts of burglary, I.C. § 18-1401; grand theft, I.C. § 18-2043(1); and petit theft, I.C. § 18-2403. The district court sentenced Thomasson to determinate terms of twenty-five years for the two counts of arson, determinate terms of ten years for the two counts of burglary, a determinate term of fourteen years for grand theft, and a determinate term of one year for petit theft. The district court ordered that Thomasson's sentences be served consecutive to each other

1

and consecutive to the remaining indeterminate portions of the unrelated life sentences for two previous first degree murder convictions. As the district court noted, these sentences foreclose the possibility of parole. Thomasson appeals.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The question before this Court is not what sentence it would have imposed but, rather, whether the district court abused its discretion. *State v. Stevens*, 146 Idaho 139, 148-49, 191 P.3d 217, 226-27 (2008). Where reasonable minds might differ, the discretion vested in the trial court will be respected and this Court will not supplant the views of the trial court with its own. *State v. Windom*, 150 Idaho 873, 875, 253 P.3d 310, 312 (2011).

A fixed life sentence requires a high degree of certainty that the perpetrator could never be safely released back into society or that the nature of the offense requires that the individual spend the rest of his or her life behind bars. *Windom*, 150 Idaho at 876, 253 P.3d at 313. *See also State v. Li*, 131 Idaho 126, 129, 952 P.2d 1262, 1265 (Ct. App. 1998); *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct. App. 1988).

Thomasson contends that his sentences are excessive. The sentences imposed do not exceed the statutory maximum. Therefore, Thomasson must show that the sentences were

unreasonable under any reasonable view of the facts. *See Windom*, 150 Idaho at 875, 253 P.3d at 312.

When Thomasson committed these crimes, he had been on parole for approximately sixteen months, having served twenty-two years of two life sentences for the first degree murder of his parents. In this case, Thomasson burglarized two churches, stole from them, and burned them to hide his crimes. The district court also noted that Thomasson's crimes caused a serious impact on the community.

At sentencing, the district court specifically recognized that the sentencing decision was committed to its discretion and that it was required to act within the bounds of that discretion through an exercise of reason. The district court discussed the goals of sentencing, as well as the factors set forth in I.C. § 19-2521 and the standard set forth in *Toohill* for imposition of Thomasson's sentences. The district court concluded that the chances of Thomasson being released on parole were "slim to none," but found that the protection of society required that Thomasson be given no chance for parole. The district court determined that sentences requiring that Thomasson spend life in prison were the only means of protecting society. As found by the district court, we cannot say that the district court abused its sentencing discretion.

Thomasson also contends that his sentences are unduly harsh based on the sentences imposed in his co-defendant's case. However, this Court will not engage in an exercise of comparative sentencing. *State v. McFarland*, 130 Idaho 358, 365, 941 P.2d 330, 337 (Ct. App. 1997); *State v. Pederson*, 124 Idaho 179, 183, 857 P.2d 658, 662 (Ct. App. 1993); *State v. Smith*, 123 Idaho 290, 294, 847 P.2d 265, 269 (Ct. App. 1993). It is well settled that not every offense in like category calls for identical punishment; there may properly be a variation in sentences between different offenders, depending on the circumstances of the crime and the character of the defendant in his or her individual case. *Pederson*, 124 Idaho at 183, 857 P.2d at 662. Thus, we decline Thomasson's invitation to conduct a comparative review of his sentences.

Therefore, Thomasson's judgment of conviction and sentences are affirmed.