**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 45127**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 30, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID EARL HUTTO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction and three concurrent fixed life sentences for first degree murder, first degree kidnapping, and robbery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

David Earl Hutto entered an *Alford*[1] plea to first degree murder. I.C. § 18-4001. Hutto also pled guilty to first degree kidnapping, I.C. § 18-4501, and robbery, I.C. § 18-6501. In exchange for his guilty pleas, an additional charge was dismissed. Hutto's crimes are summarized as follows. Hutto and an associate devised a plan to commit carjackings and home invasion robberies. While on the way to commit a home invasion robbery, Hutto and his

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

codefendant followed the victim to his home where Hutto confronted the victim and forced him into his own vehicle by pointing a gun at him. Hutto drove the victim's vehicle (followed by his codefendant) to a construction site. The victim's hands were bound behind his back, and Hutto and the codefendant stole the victim's wallet and cell phone. The victim was driven to a remote location, where he was shot eight times and his body thrown down an embankment. Hutto and the codefendant then drove to several ATMs and removed money from the victim's bank account. They also obtained a gas can, ransacked the victim's vehicle, and set it on fire. Hutto was absconding from probation from two different states when he committed these offenses.

The district court sentenced Hutto to concurrent fixed terms of life imprisonment. Hutto filed an I.C.R. 35 motion, which the district court denied. Hutto appeals, claiming that his sentences are excessive.

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). The question before this Court is not what sentence it would have imposed but, rather, whether the district court abused its discretion. *State v. Stevens*, 146 Idaho 139, 148-49, 191 P.3d 217, 226-27 (2008). Where reasonable minds might differ, the discretion vested in the trial court will be respected and this Court will not supplant the views of the trial court with its own. *State v. Windom*, 150 Idaho 873, 875, 253 P.3d 310, 312 (2011).

A fixed life sentence requires a high degree of certainty that the perpetrator could never be safely released back into society or that the nature of the offense requires that the individual spend the rest of his life behind bars. *Windom*, 150 Idaho at 876, 253 P.3d at 313. *See also State v. Li*, 131 Idaho 126, 129, 952 P.2d 1262, 1265 (Ct. App. 1998); *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct. App. 1988).

Hutto contends that his sentences are excessive and do not satisfy the criteria for fixed life because "he is capable of rehabilitation and thus could be safely released back into society in the future, and the nature of the crimes do not require such severe punishment." In support of his argument, Hutto cites testimony that he is a "relatively low risk for violence in the future if he were to be given an opportunity to be released back into the community," but a high risk for engaging in theft-related crimes. Hutto also contends the district court did not properly consider his mental health and substance abuse issues because it failed to "acknowledge how rehabilitation can be a much more complex process when a person is struggling with these kinds of issues." In relation to his mental health argument, Hutto notes evidence that he was likely unmedicated at the time he committed the offenses in this case. Hutto, therefore, reasons that, although he poses some risk to reoffend in the future, the risk is "dramatically lower" *if* he stays medicated and abstains from drug use, and the risk "would logically be even lower after an extended period of incarceration."

With respect to the nature of the crimes, Hutto acknowledges they were "serious and tragic," but argues that his co-defendant was the individual who shot the victim, although Hutto's codefendant testified that Hutto was the shooter. Hutto, however, argues that the investigation of his co-defendant's claims regarding Hutto's involvement were not credible and that his involvement was "not so egregious as to require that he spend the rest of his life incarcerated." Hutto contends the district court failed to "adequately consider this information" or other mitigating information, including Hutto's lack of any prior conviction for a crime of violence, his "tragic and violent childhood," his expressions of remorse, and his health.

The district court discussed the objectives of sentencing and the criteria for imposing a fixed life sentence and concluded that fixed life sentences were appropriate in this case. In making this determination, the district court noted Hutto poses a significant risk to reoffend and

to be a danger to society. The district court specifically recognized that Hutto denied pulling the trigger and that Hutto claimed his codefendant actually committed the murder, but explained:

> [Hutto] pled guilty to first degree kidnapping that led to the death of [the victim]. And the evidence establishes that he was there at the time the murder took place and tried to cover up the crime.
>
> Those are the acts of someone whose making very conscious choices, who deliberated into making these decisions. The events that were described here were not random events in the sense that they weren't planned out. The only random part was the random selection of [the victim]. The rest of these events all seemed to be very deliberate, planned, thought out, and . . . Hutto participated in them.
>
> . . . .
>
> This case is an example of what is truly a senseless killing of another human being. There was no accident involved here. This was not a crime of passion. This was a deliberate, planned, premeditated murder of another human being.

Regarding Hutto's prospects for rehabilitation, the district noted the rehabilitative opportunities already afforded to Hutto in relation to his twelve prior felony convictions. The district court also considered Hutto's history of mental health issues, for which Hutto previously received treatment, but noted Hutto was not taking medication at the time of the crimes in this case. In addition, the district court noted Hutto has a history of substance abuse, but there was no significant information regarding Hutto's drug use in relation to the crimes in this case. Ultimately, the district court concluded that Hutto's crimes demanded fixed life sentences in order to protect society. Based on the record, and the applicable legal standards, we cannot say that the district court abused its sentencing discretion. Therefore, Hutto's judgment of conviction and fixed life sentences are affirmed.